UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JERMAINE ANTOINE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SOUTHERN CORROSION, LLC; BRANDON J. GUIDRY; and ANDREA GUIDRY | Case No. 6:20-cv-01123<br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Jermaine Antoine brings this lawsuit to recover unpaid overtime wages and other damages from Southern Corrosion, LLC, Brandon J. Guidry, and Andrea Guidry (together, "Southern Corrosion") under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

2. Southern Corrosion failed to pay Antoine, and other workers like him, overtime as required by federal law.

3. Instead of paying overtime as required by the FLSA, Southern Corrosion paid these workers at the same hourly rate for all hours worked, including those in excess of 40 in a workweek, and improperly classified them as independent contractors.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the FLSA.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Antoine worked for Southern Corrosion in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District.

**PARTIES**

8. Antoine worked for Southern Corrosion from on or around June 2019 until on or around June 2020.

9. During that time, Antoine worked exclusively for Southern Corrosion.

10. Antoine was paid by Southern Corrosion on an hourly basis.

11. Southern Corrosion classified Antoine as an independent contractor.

12. Antoine's written consent is attached as Exhibit A.

13. The class of similarly situated workers represented by Antoine and sought to be certified pursuant to 29 U.S.C. § 216(b) is defined as:

> **All persons employed by, or working on behalf of, Defendants, at any point in the past three years, who were paid "straight time for overtime."**

14. Southern Corrosion, LLC is a Louisiana limited liability company with its headquarters and principal place of business in Lafayette Parish, Louisiana. It may be served by serving its registered agent for service of process: **Brandon J. Guidry, 102 Rue De La Mosaique, Broussard, LA 70518**.

15. Brandon J. Guidry is a natural person. He may be served by service upon him at **102 Rue De La Mosaique, Broussard, LA 70518**, or wherever he may be found.

16. At all relevant times, Brandon J. Guidry was an owner of Southern Corrosion, LLC.

17. At all relevant times, Brandon J. Guidry was a manager of Southern Corrosion, LLC.

18. At all relevant times, Brandon J. Guidry was a member of Southern Corrosion, LLC.

19. At all relevant times, Brandon J. Guidry exerted operational control over Southern Corrosion, LLC.

20. Andrea Guidry is a natural person. She may be served by service upon him at **102 Rue De La Mosaique, Broussard, LA 70518**, or wherever she may be found.

21. At all relevant times, Andrea Guidry was an owner of Southern Corrosion, LLC.

22. At all relevant times, Andrea Guidry was a manager of Southern Corrosion, LLC.

23. At all relevant times, Andrea Guidry was a member of Southern Corrosion, LLC.

24. At all relevant times, Andrea Guidry exerted operational control over Southern Corrosion, LLC.

25. Southern Corrosion, LLC, Brandon J. Guidry, and Andrea Guidry employed and/or jointly employed Antoine and the Putative Class Members.

26. Southern Corrosion, LLC, Brandon J. Guidry, and Andrea Guidry are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Southern Corrosion has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Southern Corrosion has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. During at least the last three years, Southern Corrosion has had gross annual sales in excess of $500,000.

30. Southern Corrosion was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

31. Southern Corrosion employs many workers, including Antoine, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

32. The goods and materials handled, sold, or otherwise worked on by Antoine, and other Southern Corrosion employees and that have been moved in interstate commerce include, but are not limited to, paint, painting equipment, tanks, tank equipment, and oilfield equipment.

33. Southern Corrosion treated Antoine as an employee and uniformly dictated the pay practices to which Antoine was subjected.

34. Southern Corrosion's misclassification of Antoine as an independent contractor does not alter his status as an employee for purposes of this FLSA action.

**FACTS**

35. Southern Corrosion provides painting and blasting services.

36. Southern Corrosion hires workers to perform its painting and blasting services.

37. Many of these individuals worked for Southern Corrosion were misclassified by Southern Corrosion as so-called independent contractors in connection with Southern Corrosion's painting and blasting services.

38. While exact job titles and job duties may slightly differ, Antoine and the Putative Class Members were all subjected to the same or similar illegal pay practices.

39. Specifically, Southern Corrosion classified some or all of the Putative Class Members as independent contractors.

40. Southern Corrosion paid all of the Putative Class Members at their same respective hourly rates for all time worked, even those in excess of 40 hours in a workweek.

41. Antoine worked exclusively for Southern Corrosion from June 2015 to June 2020.

42. Throughout his employment with Southern Corrosion, Antoine was classified as an independent contractor.

43. Antoine frequently worked well in excess of 40 hours per week for Southern Corrosion.

44. In fact, Antoine frequently worked more than 60 hours per week for Southern Corrosion.

45. The work Antoine performed is an essential part of Southern Corrosion's core business.

46. During Antoine's employment with Southern Corrosion and while he was classified as an independent contractor, Southern Corrosion exercised control over all aspects of his job.

47. Antoine was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in his same job position) to perform his job duties.

48. During the time that Antoine worked with Southern Corrosion, he worked exclusively for Southern Corrosion.

49. Southern Corrosion controlled all the significant or meaningful aspects of the job duties performed by Antoine.

50. Southern Corrosion ordered the hours and locations Antoine worked, tools used, and rate of pay received.

51. Southern Corrosion controlled all aspects of Antoine's job activities by enforcing mandatory compliance with Southern Corrosion's and/or its client's policies and procedures.

52. No real investment was required of Antoine to perform his job.

53. Southern Corrosion determined Antoine's opportunity for profit and loss.

54. Antoine did not provide the equipment he worked with on a daily basis. Southern Corrosion made the large capital investments in buildings, machines, equipment, tools, and supplies in the business in which Antoine works.

55. Antoine did not incur operating expenses like rent, payroll, marketing, and insurance.

56. Antoine was economically dependent on Southern Corrosion during his employment.

57. Southern Corrosion set Antoine's rate of pay and his work schedule and prohibited him from working other jobs for other companies while working on jobs for Southern Corrosion.

58. Southern Corrosion directly determined Antoine's opportunity for profit and loss, as Antoine's earning opportunity was based on the amount of time Southern Corrosion scheduled him to work.

59. Very little skill, training, or initiative was required of Antoine to perform his job duties.

60. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Southern Corrosion and/or its clients.

61. Virtually every job function of the Putative Class Members was pre-determined by Southern Corrosion and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties.

62. The Putative Class Members were prohibited from varying their job duties outside pre-determined parameters.

63. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

64. For the purposes of an unpaid overtime claim, the Putative Class Members performed substantially similar job duties related to painting and blasting services.

65. Antoine performed routine manual and technical labor duties that were largely dictated by Southern Corrosion and/or its clients.

66. Antoine was not employed by Southern Corrosion on a project-by-project basis.

67. All the Putative Class Members worked similar hours as Antoine and were denied overtime pay as a result of the same illegal pay practice.

68. The Putative Class Members all worked in excess of 40 hours each week.

69. Southern Corrosion did not pay Antoine a salary.

70. Southern Corrosion did not pay Antoine on a fee basis.

71. Southern Corrosion paid Antoine by the hour.

72. Southern Corrosion paid Antoine $21 per hour.

73. Antoine reported the hours he worked to Southern Corrosion on a regular basis.

74. Antoine's hours are reflected in Southern Corrosion's records.

75. Southern Corrosion paid Antoine at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

76. Antoine normally worked more than 40 hours in a week.

77. Rather than receiving time-and-a-half as required by the FLSA, Antoine only received "straight-time" pay for overtime hours worked.

78. This "straight-time-for-overtime" payment scheme violates the FLSA.

79. Southern Corrosion was well aware of the overtime requirements of the FLSA.

80. Southern Corrosion nonetheless failed to pay certain hourly employees, such as Antoine, overtime.

81. Southern Corrosion's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

82. Numerous other individuals who worked with Antoine were paid "straight-time-for-overtime."

83. At least some of these other individuals were also improperly classified as independent contractors.

84. Thus, Southern Corrosion imposed the straight-time pay practice on Antoine and the Putative Class Members regardless of any individualized factors.

85. Based on his experiences and tenure with Southern Corrosion, Antoine is aware that Southern Corrosion's illegal practices were imposed on the Putative Class Members.

86. Southern Corrosion's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

87. Southern Corrosion's illegal "straight time for overtime" policy extends well beyond Antoine.

88. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

89. Southern Corrosion has paid other hourly workers according to the same unlawful scheme.

90. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

91. The workers impacted by Southern Corrosion's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

92. Antoine has no interest contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Antoine has an interest in obtaining the unpaid overtime wages owed under federal law.

93. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Southern Corrosion will reap the unjust benefits of violating the FLSA.

95. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### CAUSE OF ACTION—FLSA VIOLATIONS

96. Antoine incorporates all other allegations.

97. By failing to pay Antoine and the Putative Class Members overtime at 1.5 times his regular rates, Southern Corrosion violated the FLSA. 29 U.S.C. § 207(a).

98. Southern Corrosion owes Antoine and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

99. Because Southern Corrosion knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Southern Corrosion owes these wages for at least the past three years.

100. Southern Corrosion also owes Antoine and the Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

101. Antoine and the Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

102. Wherefore, Antoine prays for judgment against Southern Corrosion as follows:

   (a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

   (b) For an order finding Southern Corrosion liable for violations of state and federal wage laws with respect to Antoine and all Putative Class Members covered by this case;

   (c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Antoine and all Putative Class Members covered by this case;

   (d) For a judgment awarding Antoine and all Putative Class Members covered by this case their costs of this action;

   (e) For a judgment awarding Antoine and all Putative Class Members covered by this case their attorneys' fees;

   (f) For a judgment awarding Antoine and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For all such other and further relief as may be necessary and appropriate.

- 12 -

        Respectfully submitted,

            */s/ Matthew S. Parmet*
By: _____
        **Matthew S. Parmet**, T.A.
        Louisiana Bar # 32855
**PARMET PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

- 12 -